# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| H&S LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-4019-SAC-TJJ |
| | ) | |
| C.B. ASPHALT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE AND ORDER TO DEFENDANT
## C.B. ASPHALT, INC. TO SHOW CAUSE

**To Defendant C.B. Asphalt, Inc.**

On March 19, 2019, Defendant C.B. Asphalt, Inc. removed this case from the District Court of Saline County, Kansas, asserting this court has subject matter jurisdiction under 28 U.S.C. § 1332.[1] The Notice of Removal fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. C.B. Asphalt, Inc. alleges that Plaintiff H&S Logistics, LLC is "a Kansas limited liability company."[2] The Notice of Removal further states that Defendant C.B. Asphalt, Inc. is "a citizen of the State of Missouri," thereby creating complete diversity of citizenship between the parties."[3]

For diversity jurisdiction purposes, a person is a citizen of the state where he resides.[4]

---

[1] ECF No. 1 at 1.

[2] *Id*.

[3] *Id*.

[4] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[5] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[6]

Here, the Notice of Removal identifies Defendant's organizational structure as a corporation. But neither the Notice of Removal nor the Petition for Breach of Contract identifies the citizenship of any of the members of Plaintiff H&S Logistics, LLC. The allegations thus fail to establish Plaintiff's citizenship for diversity jurisdiction purposes.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[7] and "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[8] Based on the record, the Court cannot conclude that Plaintiff and Defendant are diverse for purposes of subject matter jurisdiction. The Court thus directs Defendant C.B. Asphalt, Inc. to show cause in writing to District Judge Sam A. Crow **on or before April 17, 2019** why the Court should not remand this case to state court because it lacks subject matter jurisdiction over the action.

---

[5] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[6] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

[7] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[8] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that Defendant C.B. Asphalt, Inc. is required to show good cause in writing to District Judge Sam A. Crow, **on or before April 17, 2019**, why the Court should not remand this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of April, 2019.

　　　　　　　　　　　　　　　　　　／s／ Teresa J. James
　　　　　　　　　　　　　　　　　　Teresa J. James
　　　　　　　　　　　　　　　　　　U. S. Magistrate Judge